```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE SORTO,                                                 :
                                    Plaintiff,              :
                                                            :    24 Civ. 3525 (LGS)
                    -against-                               :
                                                            :          ORDER
ANGIOLINA'S RESTAURANT INC., et al.,                        :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 8, 2024, Plaintiff filed a Complaint in this action against Defendants Angiolina's Restaurant Inc. and Angiolina Castillo alleging violations of the Fair Labor Standards Act of 1938 and New York Labor Laws.

WHEREAS, an Order dated May 10, 2024, scheduled the initial pretrial conference for June 26, 2024, and directed the parties to file their preconference materials by June 19, 2024.

WHEREAS, an Order dated June 20, 2024, adjourned the June 26, 2024, initial pretrial conference to July 3, 2024, and, if Plaintiff could not contact Defendants prior to that conference, directed Plaintiff to file a status letter requesting further adjournment of the initial pretrial conference and proposing a date prior to the conference to present an Order to Show Cause for default judgment as to Defendants.

WHEREAS, an Order dated June 26, 2024, adjourned the June 26, 2024, initial pretrial conference sine die pending Plaintiff's anticipated motion for default judgment.  The Order further directed Plaintiff to file their default judgment papers by July 25, 2024.

WHEREAS, an Order dated July 25, 2024, extended Plaintiff's deadline to file their default judgment papers to August 15, 2024.

WHEREAS, on August 16, 2024, Defendant Angiolina Castilio appeared in this action.

WHEREAS, an Order dated August 19, 2024, extended Plaintiff's deadline to file their default judgment papers to September 13, 2024, in light of Defendant Angiolina Castilio's appearance.

WHEREAS, an Order dated August 21, 2024, extended Defendant's deadline to answer or respond to the Complaint to October 4, 2024.

WHEREAS, on September 25, 2024, Plaintiff's counsel moved to withdraw as counsel for Plaintiff pursuant to Local Civil Rule 1.4 because Plaintiff's counsel was "no longer able to communicate with Plaintiff." The motion stated that, despite reaching out to Plaintiff via telephone, text message and physical mail, "Plaintiff has not responded [to counsel] and has not indicated whether he intends to prosecute this action."

WHEREAS, an Order dated September 26, 2024, granted Plaintiff's counsel's motion to withdraw as counsel and directed Plaintiff to file a letter with the Court by October 4, 2024, stating whether he intends to proceed pro se or with other counsel. The Order also apprised Plaintiff that failure to comply would result in dismissal of this case for failure to prosecute.

WHEREAS, Plaintiff has not filed a letter stating whether he intends to proceed pro se or with other counsel as directed by the September 26, 2024, Order.

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a

fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiff's failure to comply with court orders, is neutral. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, Plaintiff's previous counsel indicated that they were unable to get in contact with Plaintiff for weeks prior to their withdrawal as counsel. As Plaintiff has failed to comply with the Court's Order to inform the Court of whether he intends to proceed pro se or with other counsel, the case is effectively dormant and cannot proceed without Plaintiff's participation.

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. The September 26, 2024, Order stated that Plaintiff's failure to file a letter stating whether he intends to proceed pro se or with other counsel would result in dismissal for failure to prosecute. The Court's Order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs against dismissal. As stated previously, the delay is not as lengthy as in

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

other cases dismissed for failure to prosecute.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21 Civ. 2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023). Plaintiff's conduct has resulted in the case remaining dormant. However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: October 24, 2024
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE